**Bill KNOLLENBERG, Appellant,**

v.

**STEEL TANK CONSTRUCTION COMPANY, Appellee.**

**No. 17604.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

March 27, 1980.

B. J. Hooks, Houston, for appellant.

Dyche & Wright, David T. Maddox, Houston, for appellee.

Before COLEMAN, C. J., and WALLACE and DOYLE, JJ.

WALLACE, Justice.

This is a suit on a sworn account. Appellee, Steel Tank Construction Company, the assignee of certain accounts receivable, sued appellant, Knollenberg, to recover the balance alleged to be due Tide Equipment Company on an open account for purchase of equipment, parts and repair work. Tide Equipment Company had assigned the account to appellee. Trial was to the court which awarded judgment in favor of appellee. The sole issue on appeal is whether the document evidencing the account, which was admitted into evidence, was properly proven under Article 3737e, V.A.T.S.

Tide Equipment Company went out of business around the first of October 1975. Its accounts were assigned to appellee, and in December of 1975, a Mr. Andruss, vice president and general manager of appellee, came from New York to Houston and took over the accounts. Mr. Andruss testified that in February of 1976, he instructed a Mr. Tinsley, who had been a bookkeeper for Tide Equipment Company, to bring all the accounts to date by making any necessary adjustments or corrections. A summary of appellant's account with Tide Equipment Company was prepared by Mr. Tinsley in February of 1976, and it was this document which appellee offered in evidence to prove the account.

Mr. Andruss was the only witness offered by appellee. He testified that he did not "know how Tide handled its business, its in-office business, on a day to day basis." He testified at another point that the adjustments to the summary were made by Mr. Tinsley, "who had knowledge of all these entries going back from the time he started;" "He did it on a regular course of business and at or near the time reflected in the documents." After appellee had rested and the court discussed the admissibility of the document with the attorneys, Mr. Andruss was recalled and asked "Did he (Mr. Tinsley) have personal knowledge of the transactions?" To which he answered, "He had personal knowledge of each and every transaction."

 Article 3737e requires that three predicates be met in order to qualify business records as an exception to the hearsay rule. The burden of meeting these requirements is on the one who seeks to introduce the business records. The requirements are: (1) the record must be made in the regular course of business; (2) it was the regular course of that business for an employee or representative of such business with personal knowledge of such act, event or condition to make such memorandum or record or to transmit information thereof to be included in such memorandum or record; and (3) it was made at or near the time of the act, event or condition or reasonably soon thereafter.

 Mr. Andruss clearly could not testify of his own knowledge that the above requirements were met by employees of Tide Equipment Company, because he testified that he was not familiar with their operation.

Section 2 of Article 3737e states in pertinent part:

Section 2. The identity and mode of preparation of the memorandum or record in accordance with the provisions of paragraph one (1) may be proved by the testimony of the entrant, custodian or other qualified witness even though he may not have personal knowledge as to the various items or contents of such memorandum or record. Such lack of personal knowledge may be shown to effect the weight and credibility of the record but shall not effect its admissibility.

Appellee contends that Section 2 permits one who has no personal knowledge of the transaction in question, as is the status of Mr. Andruss, to prove up the document by reciting the language of the three requirements set out in Section 1 of the contract. We disagree with that interpretation. This question was addressed by the Amarillo Court of Civil Appeals in *Matrix Computing, Inc. v. Davis*, 554 S.W.2d 288 (Tex.Civ. App.—Amarillo 1977, no writ). In a fact situation very similar to the present one, the president of a company who had taken over the records of another company attempted to prove up those records by testifying to the three requirements of Article 3737e, Section 1, although he admitted he was not familiar with the operation of the other company. The Amarillo court states: "Contrary to (Plaintiff's) argument, the instrument obtained from other business entities did not become admissible as (its) records, to be judged on their weight and credibility, simply because (its president) acknowledged they were (its) records kept in the regular course of its business with the entries thereon routinely made by a person having knowledge of the facts recorded. The test for admissibility is not the mere

recitation of the statutory predicate . . Admittedly, (plaintiff's president) has no personal knowledge of the entries contained from other business entities. Within the meaning and intent of (Article 3737e) (he) was not a qualified witness to testify to the record keeping of another entity."

In the present case, had Mr. Andruss been able to testify from personal knowledge as to the record keeping procedure of Tide Equipment Company and, further that the document in question was prepared by Tide Equipment Company in accordance with the requirements of 3737e, the document would have been admissible. This would have satisfied Section 2 of the Article, although he had no personal knowledge of the particular transactions set out in the documents. However, since he had no such personal knowledge of Tide Equipment Company's operations, he could not testify to the same and the document in question was not properly proven.

The document in question was not admissible and without it there is insufficient evidence to sustain the judgment for appellee. The judgment of the trial court is reversed and the cause is remanded for a new trial.